**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Louis Badger, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>Direct Access Group, LLC.,<br><br>*Defendant*. | Civil Case No.:<br><br>**Jury Trial Demanded** |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For more than 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff alleges that Direct Access Group, LLC ("Defendant") made unsolicited pre-recorded telemarketing calls to his cellular telephone number as well as those of putative class members.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under federal law.

4. This Court has jurisdiction over Direct Access Group because Direct Access Group (1) made the telemarketing calls at issue into this District, (2) conducts business transactions in this District.

5. Venue is proper in this District because the calls were directed into this District.

## PARTIES

6. Plaintiff Louis Badger ("Mr. Badger") is, and at all times mentioned herein was, a citizen and resident of the Northern District of Illinois.

7. Mr. Badger is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant Direct Access Group, LLC is a Florida corporation that makes telemarketing calls into this District.

**TCPA BACKGROUND**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

10. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

12. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

13. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

## PLAINTIFF'S ALLEGATIONS

14. Plaintiff's telephone number is (708) 821-XXXX.

15. That number is assigned to a cellular telephone service.

16. The Plaintiff never consented to receive telemarketing calls from Defendant.

17. Plaintiff never requested information from Defendant.

18. The Plaintiff never made any solicitation of document preparation and consulting services to Defendant.

19. Despite that, Defendant made at least one pre-recorded telemarketing call to the Plaintiff in January 21, 2026.

20. The call left the following pre-recorded message:

> "This is Jen Thompson with United Lending. I'm reaching out to let you know that your loan offer is currently active under our premier rate promotion. That promotion increases your available amount to just over $45,000 and is available for a limited time. If you're considering using it, I'd be happy to review the details with you. Today is Wednesday, the 21st, telephone number is 866-459-9390. Again, that's 866-459-9390. Look forward to speaking with you."

21. The call is clearly pre-recorded because (a) the voice sounded like a robot, (b) there were multiple delays in the message while being played, and (c) there is no personalization in the message.

22. The Plaintiff and putative class members were harmed by these unwanted calls.

## CLASS ACTION ALLEGATIONS

23. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

24. The class of persons Plaintiff propose to represent is tentatively defined as:

> **<u>TCPA Pre-recorded Class</u>:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

This is referred to as the "Class".

25. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

26. The Class as defined above are identifiable through phone records and phone number databases.

27. The potential members of the Class likely number at least in the thousands.

28. Individual joinder of these persons is impracticable.

29. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made pre-recorded calls to class members;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30. Plaintiff's claims are typical of the claims of members of the Class.

31. Plaintiff are an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

32. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

33. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

34. Upon information and belief Defendant was at least reckless in sending prerecorded voicemails without the appropriate level of consent.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

35. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

36. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

37. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class

38. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-

recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

Dated: October 7, 2026

Respectfully Submitted:

*/s/Francisco Fernandez Del Castillo*
DEL CASTILLO LAW GROUP, LLC
11 E Adams Street #1401
Chicago, IL 60603
francisco@delcastillolawgroup.com
(312)-216 0111

*/s/ Alex N. Jilizian*
Alex N. Jilizian
350 Lincoln Street, Suite 2400
Hingham, MA 02043
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
alex@paronichlaw.com